IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| WARREN SCOTT TAYLOR, | ) | Civil Action No. 5:12-cv-00092 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| THOMAS J. WILSON, IV, | ) | By:   Hon. Michael F. Urbanski |
|     Defendant. | ) |        United States District Judge |

Warren Scott Taylor filed a pro se Complaint, pursuant to 42 U.S.C. § 1983, and a motion to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, to recover damages against Thomas J. Wilson, IV, Judge of the Page County Circuit Court. Plaintiff demands damages because Judge Wilson denied plaintiff's petition for a writ of coram vobis to vacate a 1995 driving under the influence ("DUI") conviction on March 10, 2009. Plaintiff argues that Judge Wilson was required to vacate the DUI conviction because an accompanying "refusal to take a breathalyzer" charge was nol prossed in 1995.[1]

This frivolous action is immediately dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). See Neitzke v. Williams, 490 U.S. 319, 327 (1989) (defining a frivolous claim as based upon, inter alia, an indisputably meritless legal theory). Judge Wilson is "absolutely immune from a claim for damages arising out of his judicial actions." Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) (citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335 (1872)). Cf. 42 U.S.C. § 1983 (stating injunctive relief against a judicial officer for a judicial act or omission is not permissible unless a declaratory decree was violated or declaratory relief was unavailable). Moreover, plaintiff filed the action on August 30, 2012, more than two years after the alleged deprivation occurred on

---

[1] Plaintiff's allegations about his DUI convictions in 1995 and 2001 are described in greater detail in plaintiff's earlier habeas petitions and civil rights actions against various defendants. See infra p. 2 (listing all of plaintiff's prior civil actions about the DUI convictions). The court will not again recite these facts because they are not pertinent to the disposition of this case and only further burden the court.

March 10, 2009, and thus, the action is untimely filed. See VA. CODE ANN. § 8.01-243(A) (setting two year statute of limitations for personal injury action); Owens v. Okure, 488 U.S. 235, 249-50 (1989) (holding a § 1983 action relies on the statute of limitations that the forum state uses for general personal injury cases). Although the court grants plaintiff leave to proceed in forma pauperis, the court dismisses this action as frivolous and certifies that an appeal of the accompanying Order is not taken in good faith.

The court takes judicial notice of plaintiff's numerous meritless actions about his DUI convictions in 1995 and 2001.[2] See Taylor v. McDonnell, No. 5:12-cv-00006 (W.D. Va. Feb. 15, 2012) (Urbanski, J.) (dismissing a § 1983 action against the Governor of Virginia for denying clemency as meritless and barred by res judicata); Taylor v. McDonnell, No. 5:11-cv-00097 (W.D. Va. Oct. 4, 2011) (Urbanski, J.) (dismissing a § 1983 action against the Governor of Virginia for denying clemency as meritless); Taylor v. Commonwealth of Virginia, No. 5:09-cv-00098 (W.D. Va. Nov. 30, 2009) (Wilson, J.) (dismissing a petition for a writ of coram vobis for failing to state a claim upon which relief may be granted); Taylor v. Page Cnty. District Court, No. 5:08-cv-00033 (W.D. Va. Apr. 14. 2008) (Wilson, J.) (dismissing a § 1983 action for failing to state a claim upon which relief may be granted); Taylor v. McGrath, No. 7:04-cv-00536 (W.D. Va. Sept. 14, 2004) (Turk, J.) (dismissing a § 1983 action against plaintiff's former defense

---

[2] The court notes that plaintiff has had no better success with meritless actions about other state court convictions. See Taylor v. Hennig, No. 5:12-cv-00010 (W.D. Va. Apr. 19, 2012) (Urbanski, J.) (adopting a Report and Recommendation to dismiss plaintiff's § 1983 Complaint for failing to state a claim against Virginia's Director of Clemency, who did not approve plaintiff's clemency application for a 1999 conviction for telephone harassment); Taylor v. Presgraves, No. 7:04-cv-00426 (W.D. Va. Sept. 20, 2004) (Turk, J.) (dismissing a § 2254 habeas petition challenging a 1998 conviction for "threatening to commit violence or injury against property or person" as, inter alia, untimely filed); Taylor v. Hennessey, No. 7:04-cv-00498 (W.D. Va. Aug. 26, 2004) (Turk, J.) (dismissing a § 1983 action for failing to state a claim against the Page County Commonwealth Attorney about plaintiff's 1998 conviction for "threatening to commit violence or injury against property or person"); Taylor v. Shenk, No. 7:02-cv-00760 (W.D. Va. Jun. 21, 2002) (Turk, J.) (dismissing a § 2254 habeas petition challenging a state magistrate's 1998 order that Taylor stay away from a woman).

2

counsel for failing to state a claim upon which relief may be granted); Taylor v. McGrath, No. 7:04-cv-00499 (W.D. Va. Aug. 26, 2004) (Turk, J.) (dismissing a § 1983 action for seeking habeas relief and declining to construe the Complaint as a successive habeas petition); Taylor v. Presgraves, No. 7:04-cv-00448 (W.D. Va. Aug. 9, 2004) (Turk, J.) (dismissing a successive § 2254 habeas petition); Taylor v. Warden, No. 7:02-cv-00594 (W.D. Va. Apr. 23, 2002) (Turk, J.) (dismissing a successive § 2254 habeas petition); Taylor v. Page and Shenandoah Cnty. Sheriffs, No. 7:02-cv-00119 (W.D. Va. Feb. 14, 2002) (Turk, J.) (dismissing a successive § 2254 habeas petition); Taylor v. Brown, No. 7:01-cv-00912 (W.D. Va. Feb. 14, 2002) (dismissing construed § 2254 habeas claims as unexhausted and untimely and dismissing construed § 1983 civil rights claims for seeking relief against immune state officials).

"Plaintiff has no absolute, unconditional right of access to the courts and no constitutional right of access to prosecute frivolous or malicious actions." DePineda v. Hemphill, 34 F.3d 946, 948 (10th Cir. 1994). "Undoubtedly, the All Writs Act, 28 U.S.C. § 1651(a) . . ., grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants" who file "meritless and repetitive actions." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004). However, the court "must afford a litigant notice and an opportunity to be heard" before issuing a prefiling injunction. Accordingly, the court grants plaintiff ten days from the date of the accompanying Order's entry to explain why the court should not enter a prefiling injunction against him for his incessant meritless actions about old state court convictions.

3

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered: September 17, 2012

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge